Filed 4/30/26  P. v. Compre CA4/1

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D085962 |
| Plaintiff and Respondent, | (Super. Ct. No. SCN365678) |
| v. | |
| JOSE DOMINGO COMPRE, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of San Diego County, David G. Brown, Judge.  Reversed.

Annie Fraser, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Arlene A. Sevidal, Assistant Attorney General, Robin Urbanski, Seth M. Friedman and Juliet W. Park, Deputy Attorneys General, for Plaintiff and Respondent.

Jose Domingo Compre appeals an order summarily denying his Penal Code[1] section 1172.6 petition for resentencing at the prima facie stage. The People concede error. We accept the People's concession and reverse and remand with instructions.

FACTUAL AND PROCEDURAL BACKGROUND

Given the nature of this appeal, a lengthy recitation of the facts is not necessary. The People charged Compre with the murder of a police officer and assault with a semiautomatic firearm upon another. In 2018, Compre pled guilty to the lesser included offense of voluntary manslaughter, admitting a firearm use enhancement (§ 12022.5, subd. (a)) and the gang enhancement (§ 186.22, subds. (b)(1), (c)). In his plea, Compre admitted that he "aided and abetted the murder of a police officer and did so in association with a criminal street gang," admitting he personally discharged a firearm. Pursuant to his plea, the court sentenced Compre to a prison term of 25 years.

Effective January 2019, the Legislature amended the law to eliminate liability for murder based on the natural and probable consequences doctrine or theories of imputed malice predicated solely on one's participation in a crime. (*People v. Lewis* (2021) 11 Cal.5th 952, 959 (*Lewis*).) As relevant here, section 1172.6 "applies to those who pled guilty to manslaughter after being charged with murder and who would have been subject to prosecution for murder under a felony-murder theory, the natural and probable consequences doctrine, or any other theory of imputed malice." (*People v. Gaillard* (2024) 99 Cal.App.5th 1206, 1211 (*Gaillard*).) Section 1172.6

---

1   Further undesignated statutory references are to the Penal Code.

provides a procedure for defendants convicted under the now invalid theories to seek resentencing.

In 2023, Compre petitioned the court for resentencing under what is now section 1172.6. The trial court denied the petition for failure to state a prima facie case for relief, reasoning Compre was a major participant in the underlying felony and acted with reckless indifference to human life, that the changes in the felony murder rule did not apply to him because the victim was a peace officer, and that he "was convicted of attempted murder as a direct perpetrator or an aider and abettor, rather than under the natural and probable consequences doctrine."[2]

## DISCUSSION

Compre contends the trial court erred when it denied his petition for resentencing at the prima facie stage because his plea does not eliminate the possibility of being convicted of attempted murder under the natural and probable consequences doctrine. The People concede error, and we agree.

A trial court considering a section 1172.6 petition must first determine whether the petitioner made a prima facie showing he or she could not presently be convicted under the amended laws. (*Lewis, supra*, 11 Cal.5th at p. 971.) In doing so, the court accepts the petitioner's factual allegations as true. (*Ibid*.) "The court may deny the petition at the prima facie stage only if the record of conviction"—which includes facts admitted in a guilty plea— "conclusively establishes that the petitioner is ineligible for relief as a matter of law." (*Gaillard, supra*, 99 Cal.App.5th at p. 1211.) Otherwise, the court

---

[2] It is undisputed that Compre was convicted of voluntary manslaughter, not attempted murder.

3

must issue an order to show cause and conduct an evidentiary hearing. (*Lewis*, at p. 971.)

We review de novo the trial court's resentencing denial at the prima facie stage. (*Gaillard, supra*, 99 Cal.App.5th at p. 1211.)

Here, as the People concede, the record did not foreclose the possibility that Compre was convicted under the invalid natural and probable consequences theory. The complaint did not allege that Compre was the individual who shot the victim and there was no bar to the People proceeding on a theory of natural and probable consequences. Nor did the factual basis rule out use of the now disfavored theory. His admissions and factual basis for the guilty plea were generic and did not establish the specific theory of aiding and abetting under which Compre admitted guilt. Accordingly, they do not establish that Compre is ineligible for section 1172.6 relief as a matter of law. He pled that he aided and abetted a murder, but "[t]he natural and probable consequences doctrine is *one* theory of aiding and abetting." (*Gaillard, supra*, 99 Cal.App.5th at p. 1212, italics added.) The court did not consider that the invalid natural and probable consequences theory could be subsumed in Compre's plea.

We therefore agree that Compre's petition should have proceeded past the prima facie stage to an evidentiary hearing.

4

DISPOSITION

We reverse the trial court's order denying the resentencing petition. On remand, the trial court is instructed to issue an order to show cause and to conduct an evidentiary hearing. (§ 1172.6, subds. (c) & (d).) We express no opinion on the appropriate outcome of such hearing.


O'ROURKE, Acting P. J.

WE CONCUR:


CASTILLO, J.


RUBIN, J.


5